# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ARIANA MONTANO HERNANDEZ,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | **No. 3:26-CV-01200-LS** |
| | § | |
| **DEPARTMENT OF HOMELAND SECURITY,** | § | |
| | § | |
| | § | |
| ***Respondent*.** | § | |

## ORDER DISMISSING CASE

The Government notified the Court that Petitioner was released from custody.[1] Petitioner filed a petition for a writ of habeas corpus challenging her detention by Immigration and Customs Enforcement.[2] Because Petitioner is no longer detained by Respondents, the petition is moot.[3] The Court therefore denies Petitioner's writ of habeas corpus, dismisses this case as moot, and all pending motions are denied as moot. **THE CLERK SHALL CLOSE THIS CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 5, 2026.



**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[1] ECF No. 13.
[2] ECF No. 2.
[3] *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (stating that a habeas petition becomes moot when the habeas relief requested can no longer be effected); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (citation omitted)).